## POINT II

## TESTS FOR OVERTIME COVERAGE - ENTERPRISE COVERAGE AND INDIVIDUAL COVERAGE

The overtime provisions of the FLSA apply when "any of [an employer's] employees... in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or for the production of goods for commerce." 29 U.S.C. § 207. Therefore, an employee may be covered by the act in two ways. First, an employee may be covered "individually" where he or she is engaged "in commerce or in the production of goods for commerce." This is referred to as "individual" coverage. Second, an employee may be covered when he or she works in an "enterprise engaged in commerce or in production of goods for commerce." This is referred to as "enterprise" coverage.

Not surprisingly, Plaintiff appears to have asserted his entitlement to protections under the statute not only under the "individual" coverage but also under the "enterprise" coverage. As will be demonstrated herein, neither apply. Because enterprise coverage is the broader test, this memorandum address enterprise coverage first.

A. **Enterprise Coverage**

The statutory language of the FLSA establishes that a not-for-profit organization that engages in the operation of the enumerated activities, such as a hospital, a certain type of

5

residential care facility or a school, will be deemed an enterprise engaged in commerce solely on that basis. If a not-for-profit organization does not engage in the enumerated activities it is <u>not</u> subject to the enterprise coverage. More specifically, unless engaged in 203(r)(2)(A) or 203(s)(1)(B) activities, as stated within the statute, enterprise coverage requires an employer to perform activities for a "business purpose" as stated in 203(r)(1). Here, the Defendant neither performs the activities enumerated in 203(r)(2)(a) nor 203(s)(1)(B), nor performs activities for a "business purpose" as stated in 203(r)(1). Therefore, the overtime provisions of the FLSA are inapplicable to the Defendant.

The Supreme Court explained that FLSA coverage of enterprises "would <u>not</u> include eleemosynary, religious or educational organizations not operated for profit." The key word in the definition which supports this conclusion is the word "business". Activities of organizations for the type referred to, if they are not operated for profit, are <u>not</u> activities performed for a "business purpose". <u>Tony and Susan Alamo Foundation v. the Secretary of Labor</u>, 471 U.S. 290, 297 n.14, 105 S.Ct. 1953 (1985), quoting, S.REP.No.1744, 86th Cong., 2d sess., 28 (1960)(emphasis added). See, also, <u>Wagner v Salvation Army</u>

6

660 F.Supp. 446,467 (E.D.Tenn. 1986)(enterprise coverage does not extend to the eleemosynary activities of non profit organization.").

In <u>Tony and Susan Alamo Foundation v. Secretary of Labor</u>, *supra.*, the United States Supreme Court discussed application of the FLSA to an organization that claimed it was not an "enterprise" under the FLSA. The Court found persuasive the Senate Committee Report underlying the 1961 amendment to the FLSA, that stated:

> [T]he definition [of 'enterprise'] would not include eleemosynary, religious or educational organizations not operated for profit. The key word in the definition [of 'enterprise'] which supports this conclusion is the word 'business.' Activities of organizations of the type referred to, if they are not operated for profit, are not activities performed for a business 'purpose'. S. Rep. No. 1744, 86th Cong. 2d Sess., 28 (1960).

471 U.S. at 297, n. 14.

In <u>Alamo Foundation</u>, the Court went on to hold that the petitioner was subject to the FLSA. The Court held that where activities of eleemosynary, religious, or educational organizations conduct activities for business purposes, they will be treated as a business enterprise under the FLSA. *Id* at 298. The Supreme Court held that the test is "one of economic reality with the focus being whether or not the enterprise is <u>primarily</u> engaged in competition...with ordinary commercial enterprises."

7

*Id*. (underlining supplied). The defendant in <u>Alamo Foundation</u> was deemed to be an enterprise, notwithstanding its status as a religious foundation, because it operated <u>numerous</u> ventures which competed with commercial businesses including, inter alia, services stations, hog farms, construction companies and a hotel. *Id*. at 299. (underlining supplied)

In the instant case, it could be disputed that the Defendant does not primarily engage in commercial activities. The Defendant is a religious entity which operates a Synagogue for religious services.

In <u>McLeod v Threlkeld</u>, 319 U.S. 491, 63 S.Ct. 1248 (1943), the Supreme Court set forth the test for determining whether an employer is engaged in interstate commerce. According to the Court, the test:

> "Is not whether the employees activities effect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a <u>part</u> of it". 319 U.S. at 497 (emphasis added).

While the Plaintiff in the instant action has alleged that the Defendant is "engaged in commerce..."(complaint ¶ 12), it is insufficient to have a bare conclusory allegation which merely pleads the bare language of the statute without the capability of being proven true.

It is essential that a Complaint set forth facts, not conclusions. Absent sufficient factual allegations, a pleading

8

is clearly defective and subject to dismissal. <u>Emanuele v Rochester Packing Co.</u>, 182 Misc. 348, 45 N.Y.S.2d 164 (Sup.Ct. Monroe County 1943). In the <u>Emanuele</u> case, the Court held at page 350 of 182 Misc. as follows:

> "This Court fully appreciates the beneficent objectives as well as the informal procedural provisions of the Fair Labor Standards Act, and consequently the necessity for much latitude in passing upon the sufficiency of a complaint thereunder. However, it is essential that a complaint set forth facts, not conclusions. Any employee seeking the benefits of the act should be able without difficulty to plead a brief and concise statement of the particular kind and character of employment, including the place where it was performed, even though he is unable to allege in minute detail its ultimate relation to interstate commerce. <u>Pliner, et al. v. Nesvig, et al., D.C., 42 F. Supp. 297.</u>
>
> In these complaints the Plaintiffs pled the bare language of the statute. Such a pleading is clearly defective. <u>People ex rel. Sandnes v Sheriff Kings County, 164 Misc. 355, 299 N.Y.S. 9-17; Queensboro Improvement Co. v. Dean, 175 Misc. 655, 23 N.Y.S. 2d 865, 866; In re Sitkin's Estate 151 Misc. 448, 271 N.Y.S.688; Baldwin v. Hegeman Farms Corporation, 154 Misc. 285, 277 N.Y.S. 705.</u>"

In the instant action, the Plaintiff has failed to plead any particular factual information sufficient to meet the pleading requirements of a claim under the FLSA. The reason is simple, he cannot. For these reasons, the Complaint should be dismissed as to the FLSA claims.

The authority of Congress to regulate wages and hours under the FLSA arises under and is limited by the commerce clause of the United States constitution. <u>Maryland v. Wirtz,</u> 392 U.S. 183,

9

88 S.Ct. 2017 (1968). The FLSA does not regulate wages and hours to the farthest reaches of federal authority or every aspect thereof. In enacting the FLSA Congress deliberately left local businesses to the protection of the states. Maneja v. Wailaua Agricultural Co., 349 U.S. 254, 75 S.Ct. 719 (1955).

**B. INDIVIDUAL COVERAGE**

Plaintiff may argue that even if the Defendant is not an enterprise engaged in commerce, that he, as an individual employee, is "engaged in commerce or in the production of goods for commerce". 29 U.S.C. §207(a)(1). Under the FLSA, commerce relates to activities within, the "stream of commerce" rather than activities for an "ultimate consumer". Plaintiff's job did not include activities within the stream of commerce.

As stated, individual coverage under the FLSA is dependent upon the extent to which an employee is engaged in commerce and whether "the employee's work is so closely related to the movement of commence that it may be deemed...part of it, rather than merely an isolated local activity." Figueroa v. America's Custom Brokers, Inc., 48 F. Supp. 2d 1372 (S.D. Fla. 1999), citing Marshall v. Victoria Transp. Co., Inc., 603 F.2d 1122, 1123 (5th Cir. 1979). Therefore, "to be engaged in commence, a substantial part of the employee's work must be related to interstate commerce". Boekemeier v. Fourth Universalist Soc'y in the City of New York, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000),

10

*citing* Walling v. Jacksonville Paper Co., 317 U.S. 564 (1943) (internal quotations omitted). Notably, it has been consistently held that Congress did not intend to exercise the full extent of its commerce powers when it enacted the FLSA. Maryland v. Wirtz, *supra*.; McLeod v. Threlkeld, *supra*. Instead, Congress intentionally limited the scope of the commerce coverage provided by the Act. McLeod, *supra*. As such, individual coverage under the FLSA is fairly limited.

The case of Joles v. Johnson County Youth Services Bureau, Inc., 885 F.Supp. 1169 (S.D. Ind. 1995), is strikingly similar to the instant matter and thus highly instructive. In *Joles*, the plaintiff was a house mother at a group home for troubled youths. It could be anticipated that the Plaintiff herein will make similar arguments as were made in *Joles*.

The District Court rejected plaintiff's argument finding that:

> There was no allegation or evidence that the plaintiff or defendant introduced goods into interstate commerce or intended or anticipated that any goods, which the plaintiff might have produced, would move in interstate commerce. The plaintiff claimed that she prepared and served food which had moved in interstate commerce and cleaned the defendant's facility with materials which had previously moved in interstate commerce, but there was no claim or evidence that she or the defendant intended or anticipated that any other results of her "production" with those goods would move further in interstate commerce.

11

885 F. Supp. At 1175-76.

The Joles Court also found that the plaintiff was not engaged in the "production" of goods as that term is defined by the FLSA. A good is produced when it is:

> manufactured, mined, handled, or in any other manner worked on in any State; and for the purpose of this chapter an employee shall be deemed to have been engaged in manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any state.

Id. At 1176, quoting 29 U.S.C. 203(j).

While it is somewhat unclear as to whether Plaintiff has alleged individual coverage under the FLSA, a reading of paragraph 12 of the complaint leaves one to believe that the same may have been alleged. However, this allegation is insufficient.

Under the FLSA's individual coverage provision, any employee "engaged in commerce or in the production of goods for commerce" is covered by the act irrespective of whether his employer is an enterprise engaged in commerce as statutorily defined. 29 U.S.C. §206(a), 207(a)(1). See also, Bowrin v. The Catholic Society, 417 F.Supp.2d 449(SDNY 2006).

According to the Department of Labor's interpretation, employees are engaged in commerce "when they are performing work involving or relating to the movement of persons or things

12

(whether tangible or intangibles and including information and intelligence)" between states. 29 C.F.R. § 779.103; See also, <u>Bowrin</u>, *supra*.

The allegations set forth within the Complaint, specifically paragraph 7, if taken as true, as a matter of law fail to establish individual coverage under the FLSA.

However, even if this Court were to find Plaintiff engaged in commerce, such commercial activities were "*de minimis* at best and insufficient to invoke coverage of the FLSA overtime provisions." The Second Circuit has held that in order for an employee to be individually covered under the FLSA, "a <u>substantial</u> part of the employees work must be related to interstate commerce." <u>Divins v. Hazeltine Electronics</u>, 163 F.2d 100,103 (2nd Cir. 1947); See also, <u>Remmers v. Egor</u>, 332 F.2d 103,104 (2nd Cir. 1964); See also, <u>McLeod</u>, *supra*.

By virtue of the allegations in the Complaint alone, the Plaintiff cannot sustain his burden of properly and adequately pleading a claim for individual coverage under the FLSA.