## POINT III

### PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

Plaintiff's wage claims under New York statutory law are subject to the same analysis as the claims asserted under the FLSA. As heretofore discussed, Plaintiff cannot maintain an FLSA claim against the Defendant as a matter of law. Accordingly, dismissal of Plaintiff's state statutory claims is also warranted and appropriate.

In blunderbuss fashion, Plaintiff alleges the Defendant has violated various provisions of New York statutory law in connection with the alleged failure to pay overtime wages.

The analysis of a claim under a provision of the New York Minimum Wage Act (such as the provision seemingly alleged herein), is identical to the analysis of a claim under FLSA claim. See Ansuomana v Gristede's Operating Corp., 25 F.Supp.2d 184, 189 (S.D.N.Y. 2003) (applying the same analysis to the claims under the New York Minimum Wage Act and FLSA because both statutes "embody similar standards with respect to the legal issues before the court"); Lopez v. Silverman, 14 F.Supp.2d 405, 411 (S.D.N.Y. 1998) (holding that "the legal issues involved in the plaintiffs' state law causes of action are governed by the same standards as those applicable to the FLSA claims"); Ballard v. Community Care Referral Service, Inc., 264 A.D.2d 747, 748,

14

695 N.Y.S.2d 130, 131 (2nd Dept. 1999) (Wage Order issued under the N.Y. Minimum Wage Act must be interpreted in conformity with FLSA).

For the reasons set forth above, the FLSA does not apply to the Defendant.  Because Plaintiff's second and third counts based on the alleged violation of the state statutory provision is expressly analogous to FLSA, dismissal is warranted.

15

## POINT IV

## PLAINTIFFS CLAIMS ARE PARTIALLY TIME BARRED

Should this Court chose not to dismiss Plaintiff's claims, then the same are partially time barred.

Under 29 U.S.C. § 255 (a) of the FLSA, the statute of limitations bars claims arising more than two years after "the cause of action accrued" unless the cause of action arises out of the willful violation, in which case a three year period applies. McLaughlin v. Richland Shoe Company, 486 U.S. 128, 108 S.Ct. 1677 (1988). An employer may be liable for liquidated damages unless the employer was working in good faith and reasonably believed that its conduct was consistent with the law. See 29 U.S.C. § 260.

For statute of limitations purposes, a cause of action accrues under the FLSA "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed " See, Archer v. Sullivan County, 1997 U.S.App. WL 720406 at *13 (6th Cir. 1997). Thus, Plaintiff's damages claims are limited to any alleged wage and hour violations occurring within two years (or three years if willful) prior to the filing of the Complaint on May 3, 2007.

For the reasons as set forth herein, Plaintiff's claims at the very least are time barred prior to the applicable statues of

16

limitation under both the federal statute as well as the New York State Labor Law (six years prior to the filing of the Complaint on May 3, 2007).

17

## CONCLUSION

**BASED UPON THE OUTSTANDING LEGAL PRECEDENTS THE DEFENDANT'S MOTION SHOULD BE GRANTED IN ITS ENTIRETY TOGETHER WITH SUCH OTHER AND FURTHER RELIEF AS TO THIS COURT MAY DEEM JUST AND PROPER**

Respectfully submitted,

THE DWECK LAW FIRM, LLP
Attorneys for Defendant

By: _____
   /H.P. Sean. Dweck

18