AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

Claudio Lavezzare

V.

First Hungarian Congregation Ohab Zedek

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 07 CV 3542

JUDGE KAPLAN

TO: (Name and address of defendant)

First Hungarian Congregation Ohab Zedek
118 West 95th Street
New York, New York 10025

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

_Marcos Quintero_
(BY) DEPUTY CLERK

DATE: MAY 03 2007

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me¹ | DATE |
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
           Date

_____
Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:   (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

CLAUDIO LAVEZZARE,

          *Plaintiff,*

   -against-

FIRST HUNGARIAN CONGREGATION
OHAB ZEDEK,

          *Defendant.*
-------------------------------------------------X

07 CV 3542

COMPLAINT

ECF Case



JUDGE KAPLAN

RECEIVED
MAY 03 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff Claudio Lavezzare, by and through his attorneys, Michael Faillace & Associates, P.C., complains of Defendant First Hungarian Congregation, as follows:

### NATURE OF ACTION

    1.    Plaintiff has been employed by Defendant from on or about October 18, 1999 to the present. Defendant regularly requires Plaintiff to work in excess of forty hours per week without overtime compensation required by federal and state laws. Furthermore, Defendant has failed to properly record Plaintiff's overtime hours worked.

    2.    Plaintiff now brings this action to recover his unpaid overtime wages, "spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and the "spread of hours" wage order of the New York

Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-3.4 (2006) (herein the "Spread of Hours Wage Order").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district.

## THE PARTIES

5. Plaintiff Claudio Lavezzare ("Lavezzare") is an adult individual residing at 8420 153 Ave., #2C, Queens, New York, 11414.

6. Defendant First Hungarian Congregation Ohab Zedek ("First Hungarian") is located at 118 W. 95th Street, New York, New York 10025. First Hungarian is a domestic not-for-profit corporation organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

7. Plaintiff has been employed by First Hungarian since 1999. His primary duties involve a variety of responsibilities, which include but are not limited to, cleaning, painting, plumbing, maintaining and repairing the facilities, and setting up for meetings and events. In addition, Plaintiff also works as a waiter at parties or events hosted on the Defendant's property.

8. Defendant operates a Jewish synagogue known as the First Hungarian Congregation, which offers assembly for worship, education, and communal affairs. The

-2-

Congregation is made up of two separate buildings, one building houses the synagogue and the other building is rented to a daycare center. The Defendant uses the daycare gym to host events and parties.

9.  Defendant paid Plaintiff "off the books" from 1999 through approximately mid-2003. Plaintiff's bi-weekly check stubs did not list tax withholdings and were not paid from the First Hungarian bank account.

10. Defendant required Plaintiff to work eight-hour days Monday through Thursday and twelve-hour days Fridays and Saturdays. In addition, twice a month, Plaintiff was required to work approximately eighteen hours a day in order to be a server for evening events held at First Hungarian. During 2000-2001, Plaintiff also worked an additional eight to nine hours on Sundays. Plaintiff regularly worked before and after all scheduled hours as needed.

11. Plaintiff was paid $15/hr in 2001. Defendant lowered his pay to $12/hr in 2002, and then raised it again to $15/hr again in 2003 through 2006. Starting in 2006, Defendant began listing Plaintiff's overtime on his check stubs; however, the overtime hours were inaccurate and the check stubs listed Plaintiff's hourly rate at only $12/hr.

12. Defendant has at least two employees individually engaged in commerce and had an annual net income in excess of $500,000 for each year relevant to this action.

13. First Hungarian constitutes a business enterprise for purposes of coverage under the Fair Labor Standards Act because it engages in competition with other commercial enterprises. Defendant offers its services and facilities to host private social gatherings (e.g., birthday's, anniversaries, bar mitzvah's), community and youth events, conferences, and a daycare center in direct competition with other private entrepreneurs offering same and/or comparable services.

MAY-10-2007  11:48        CONG OHAB ZEDEK           212 663 3635      P.06/09

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938

14. Plaintiff repeats and realleges all the paragraphs above.

15. At all times relevant to this action, Defendant was engaged in interstate commerce or in an industry or activity affecting commerce.

16. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

17. At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendant had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

18. Defendant intentionally failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

19. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

20. Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NEW YORK LABOR LAW

21. Plaintiff repeats and realleges all the paragraphs above.

22. At all times relevant to this action, Defendant was Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendant had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

- 4 -

23. Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

24. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

25. Defendant's New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

26. Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF
### THE NEW YORK COMMISSION OF LABOR

27. Plaintiff repeats and realleges all the paragraphs above.

28. Defendant failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-3.4 (2006).

29. Defendant's failure to pay Plaintiff an additional hour's pay for each day his spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

30. Plaintiff has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a) Declaring that Defendant has violated the overtime provisions of the FLSA and New York Labor Law;

(b) Declaring that Defendant has violated the Spread of Hours Wage Order of the New York Commission of Labor;

(c) Declaring that Defendant's violations of the FLSA and New York Labor Law were willful;

(d) Awarding Plaintiff damages for the amount of unpaid overtime premiums, liquidated damages, and prejudgment interest under the FLSA, New York Labor Law and Spread of Hours wage order;

(e) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

(f) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 1, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:   (212) 317-1200
Facsimile:   (212) 317-1620
*Attorneys for Plaintiff*

- 6 -