UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------|

CLAUDIO LAVEZZARE,

                    Plaintiff,                    |          07 CV 3542 (LAK)

        - against -                               |

FIRST HUNGARIAN CONGREGATION                      |
OHAB ZEDEK,                                        |          ECF Case

                    Defendant.                     |

------------------------------------|

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

On the Brief
H.P. Sean Dweck

**THE DWECK LAW FIRM, LLP**
75 ROCKEFELLER PLAZA
NEW YORK, NY 10019

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT I

APPLICABLE LEGAL STANDARDS FOR A MOTION TO DISMISS . . . 4

POINT II

TESTS FOR OVERTIME COVERAGE - ENTERPRISE
COVERAGE AND INDIVIDUAL COVERAGE . . . . . . . . . . . 5

A.   ENTERPRISE COVERAGE . . . . . . . . . . . . . . . 5

B.   INDIVIDUAL COVERAGE . . . . . . . . . . . . . . 10

POINT III

PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED . . . 14

POINT IV

PLAINTIFFS CLAIMS ARE PARTIALLY TIME BARRED . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

Cases:

Ansuomana v Gristede's Operating Corp., 25 F.Supp.2d 184, 189
(S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . 14

Archer v. Sullivan County, 1997 U.S.App. WL 720406 at *13 (6th
Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 16

Ballard v. Community Care Referral Service, Inc., 264 A.D.2d 747,
748, 695 N.Y.S.2d 130, 131 (2nd Dept. 1999) . . . . . . . . 14

Boekemeier v. Fourth Universalist Soc'y in the City of New York,
86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000) . . . . . . . . . . 10

Bowrin v. The Catholic Society, 417 F.Supp.2d 449(SDNY 2006)   12,
13

DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, (2nd Cir. 1996)   . 4

Divins v. Hazeltine Electronics, 163 F.2d 100,103 (2nd Cir. 1947)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Emanuele v Rochester Packing Co., 182 Misc. 348, 45 N.Y.S.2d 164
(Sup.Ct. Monroe County 1943) . . . . . . . . . . . . . . . . 9

Figueroa v. America's Custom Brokers, Inc., 48 F. Supp. 2d 1372
(S.D. Fla. 1999) . . . . . . . . . . . . . . . . . . . . . . 10

Joles v. Johnson County Youth Services Bureau, Inc., 885 F.Supp.
1169 (S.D. Ind. 1995) . . . . . . . . . . . . . . . . . . . 11

Lesavoy v. Lane, 304 F.Supp.2d 520, 527 (S.D.N.Y. 2004) . . . . 4

Lopez v. Silverman, 14 F.Supp.2d 405, 411 (S.D.N.Y. 1998) . . 14

Maneja v. Wailaua Agricultural Co., 349 U.S. 254, 75 S.Ct. 719
(1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Marshall v. Victoria Transp. Co., Inc., 603 F.2d 1122, 1123 (5th
Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . 10

Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017 (1968) . . . 9, 11

McLaughlin v. Richland Shoe Company, 486 U.S. 128, 108 S.Ct. 1677
(1988)  . . . . . . . . . . . . . . . . . . . . . . . . .  <u>16</u>

McLeod v Threlkeld, 319 U.S. 491, 63 S.Ct. 1248 (1943)  .  <u>8</u>, <u>11</u>,
<u>13</u>

Remmers v. Egor, 332 F.2d 103,104 (2nd Cir. 1964) . . . . . .  <u>13</u>

Tony and Susan Alamo Foundation v. the Secretary of Labor, 471
U.S. 290, 297 n.14, 105 S.Ct. 1953 (1985) . . . . . . . . <u>6</u>, <u>7</u>, <u>8</u>

Wagner v Salvation Army 660 F.Supp. 446,467 (E.D.Tenn. 1986)  . <u>6</u>

Walling v. Jacksonville Paper Co., 317 U.S. 564 (1943)  . . .  <u>11</u>

iii

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CLAUDIO LAVEZZARE,

                     Plaintiff,                07 CV 3542 (LAK)

    - against -

FIRST HUNGARIAN CONGREGATION
OHAB ZEDEK,

                     Defendant.
------------------------------------X

## **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

### **PRELIMINARY STATEMENT**

Plaintiff, Claudio Lavezzare (hereinafter "Plaintiff" or "employee") alleges that Defendant violated his rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et. seq.* and the New York State Labor Law § 650 *et. seq.* Specifically, in his three Causes of Action, Plaintiff asserts claims for (1) overtime wages under the FLSA; (2) overtime wages under the New York State Labor Law; and (3) for violation of the spread of hours wage order of the New York Commissioner of Labor.

Defendant now moves pursuant to F.R.C.P. Rule 12(b)(6) to dismiss Plaintiff's claim in count one inasmuch as the Fair Labor Standards Act does not apply to Plaintiff's claims and therefore this Court has no jurisdiction over Plaintiff's claims. Similarly, inasmuch as the same analysis applies to Plaintiff's state law claims, the same must also be dismissed.

Alternatively, should this Court determine that it does have jurisdiction, and the claims should not be dismissed, then Plaintiff seeks dismissal of Plaintiffs FLSA claims for damages allegedly accruing prior to May 3, 2005 and for New York Labor Law claims accruing prior to May 3, 2001.  The statute of limitations for FLSA claims is two years (or three years if the violations are found to be willful), and each claim accrues when the wages allegedly owed were not paid.  The statute of limitations under claims for the New York Labor Law is six years and each claim accrues when the wages allegedly owed were not paid.  Thus, any claims for damages under the FLSA prior to two years from the filing of the complaint must be dismissed and any claims under the New York State Labor Law for claims accrued prior to May 3, 2001 must similarly be dismissed.

2

## STATEMENT OF RELEVANT FACTS

The allegations of Plaintiff relevant to this instant motion can be briefly stated.  Plaintiff asserts that he was employed by Defendant since 1999 (complaint ¶ 7).  Plaintiff claims that he was denied overtime pay for most or all of his employment (complaint ¶'s 18, 23 and 28).  Finally, Plaintiff recklessly alleges that Defendant constitutes a business enterprise for purposes of coverage under the FLSA  (complaint ¶ 13).

Assuming for purposes of this motion, arguendo, that these allegations are factually accurate, Plaintiff's claims must nonetheless be dismissed, for the reasons set forth in detail below.

## ARGUMENT

## POINT I

## APPLICABLE LEGAL STANDARDS FOR A MOTION TO DISMISS

In deciding a motion to dismiss under F.R.C.P. 12(b)(6), this Court must accept as true, all well pleaded factual allegations in the Complaint and view them in the light most favorable to the Plaintiff, drawing all reasonable inferences in his favor.  However, the Court need not accept as true, conclusory allegations unsupported by factual assertions made by a claimant.  DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, (2nd Cir. 1996).  See also, Lesavoy v. Lane, 304 F.Supp.2d 520, 527 (S.D.N.Y. 2004) ("we do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manor").

Here, Plaintiff claims, in a wholly conclusory manner, that he is entitled to the protections of the FSLA and similarly that such claims cover the duration of his employment.  However, as explained below, the FLSA does not apply and, even if it did, the majority of Plaintiff's claims are time bared.

4