**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CLAUDIO LAVEZZARE,

                *Plaintiff*,

   -against-

                                            07 CV 3542 (LAK)(AJP)

FIRST HUNGARIAN CONGREGATION
OHAB ZEDEK,
                                            ECF Case

                *Defendant.*
-------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**


                MICHAEL FAILLACE & ASSOCIATES, P.C.
                          Michael Faillace [MF-8436]
                      110 East 59th Street, 32nd Floor
                          New York, New York 10022
                          Telephone:    (212) 317-1200

                              *Attorneys for Plaintiff*


On the Brief:

Andrew S. Baron [AB-3316]
Of Counsel

**TABLE OF CONTENTS**

**Page**

I. PRELIM INARY STATEMENT ........................................................................................1

II. FACTUAL ALLEGATIONS ..............................................................................................2

III. ARGUMENT........................................................................................................................3

    A. APPLICABLE LEGAL STANDARD ....................................................................3

    B. THE FACTS PLED IN THE COMPLAINT
       SUPPORT PLAINTIFF'S CONTENTION THAT
       FIRST HUNGARIAN IS SUBJECT TO THE FLSA ............................................5

        1. As Pled in the Complaint, First
           Hungarian Constitutes a Business Enterprise ..............................................5

           a. First Hungarian Engages in
              Ordinary Commercial Activities..........................................................5

           b. Two or More First Hungarian Employees, Including
              Plaintiff, Are Subject to Individual Coverage Under the FLSA .......7

        2. As Pled in the Complaint, Plaintiff is Subject
           to Individual Coverage Under the FLSA .....................................................7

    C. DEFENDANT MISSTATES THE LEGAL
       STANDARD FOR PLAINTIFF'S CLAIMS UNDER
       THE NEW YORK LABOR LAW AND WAGE ORDER ....................................9

    D. DEFENDANT'S ARGUMENT THAT PLAINTIFF IS
       BARRED FROM ASSERTING FLSA CLAIMS PRIOR
       TO MAY 3, 2005 IS FATALLY FLAWED ........................................................10

IV. CONCLUSION...................................................................................................................11

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Ahmed v. Samson Mgmt. Corp.*,
   1996 WL 183011 (S.D.N.Y. Apr. 17, 1996).................................................................6, 7

*Ansoumana v. Gristede's Operating Co.*,
   255 F. Supp. 2d 184 (S.D.N.Y. 2003) ..........................................................................10

*Ballard v. Community Home Care Referral Serv.*,
   264 A.D.2d 747, 695 N.Y.S.2d 130 (2d Dep't 1999) ...................................................10

*Bolt Elec., Inc. v. City of N.Y.*,
   53 F.3d 465 (2d Cir. 1995)..............................................................................................3

*Boekemeier v. Fourth Universalist Soc'y*,
   86 F. Supp. 2d 280 (S.D.N.Y. 2000)...............................................................................8

*Brennan v. City of White Plains*,
   1998 WL 75692 (S.D.N.Y. Feb. 20, 1998)...................................................................11

*Brennan v. Iowa*,
   494 F.2d 100 (8th Cir. 1974) ...................................................................................7

*De Jesus v. Sears, Roebuck & Co., Inc.*,
   87 F.3d 65 (2d Cir. 1996)................................................................................................4

*Divins v. Hazeltine Elecs.*,
   163 F.2d 100 (2d Cir. 1947)............................................................................................8

*Figueroa v. America's Custom Broker's Inc.*,
   48 F. Supp. 2d 1372 (S.D. Fla. 1999) .............................................................................7

*Foman v. Davis*,
   371 U.S. 178, 83 S. Ct. 227 (1962)...............................................................................11

*Joles v. Johnson County Youth Service Bureau, Inc.*,
   885 F. Supp. 1169 (S.D. Ind. 1995)................................................................................8

*Lavian v. Haghnazari*,
   884 F. Supp. 670 (E.D.N.Y. 1995) ...............................................................................10

*Lesavoy v. Lane*,
   304 F. Supp. 2d 520 (S.D.N.Y. 2004).............................................................................4

*Lopez v. Silverman*,
   14 F. Supp. 2d 405 (S.D.N.Y. 1998).............................................................................10

## TABLE OF AUTHORITIES

**Page**

*Mabee v. White Plains Publ'g Co.*,
   327 U.S. 178, 66 S. Ct. 511 (1946) ................................................................................... 7

*Maryland v. Wirtz*,
   392 U.S. 183, 88 S. Ct. 2017 (1968) ................................................................................. 7

*Moran v. GTL Const., LLC*,
   2007 WL 2142343 (S.D.N.Y. July 24, 2007) ................................................................. 10

*Remmers v. Egor*,
   332 F.2d 103 (2d Cir. 1964) .............................................................................................. 8

*Sterling v. Interlake Indus.*,
   154 F.R.D. 579 (E.D.N.Y. 1994) .................................................................................... 11

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506, 122 S. Ct. 992 (2002) ......................................................................... 3, 4, 9

*Tony & Susan Alamo Foundation v. Secretary of Labor*,
   471 U.S. 290, 105 S. Ct. 1953 (1985) ........................................................................... 5, 6

*Torrico v. IBM*,
   213 F. Supp. 2d 390 (S.D.N.Y. 2002) .............................................................................. 1

*Wirtz v. Durham Sandwich Co.*,
   367 F.2d 810, 812 (4th Cir. 1996) .................................................................................... 7

*Zhong v. August August Corp.*,
   498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) ................................................................... 6, 7

### STATUTES AND REGULATIONS

29 U.S.C.
§ 203(r) ..................................................................................................................................... 6
§ 203(s)(1)(A)(i) ....................................................................................................................... 7
§ 207(a)(1) ................................................................................................................................ 1
§ 255(a) ................................................................................................................................... 10

N.Y. Lab. L.
   § 650 .................................................................................................................................... 1
   § 651(5)(6) ........................................................................................................................... 9
   § 651(5)(f)-(j) ...................................................................................................................... 9

12 N.Y.C.R.R.
   § 142-3.2 .............................................................................................................................. 1
   § 142-3.4 .............................................................................................................................. 1

Plaintiff Claudio Lavezzare ("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) based on its contention that this Court lacks subject-matter jurisdiction. For the reasons set forth below, it is respectfully submitted that the Court deny Defendant's motion.

## I.

## PRELIMINARY STATEMENT

According to notice pleading standards in our Circuit the allegations in Plaintiff's complaint are set forth in sufficient detail that Defendant First Hungarian Congregation Ohab Zedek ("First Hungarian") is covered by – and violated – the Fair Labor Standards Act ("FLSA" or the "Act"), the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.* (the "New York Labor Law")[1], and the "spread of hours" wage order of the New York Commissioner of Labor ("Wage Order"), codified at 12 N.Y.C.R.R. § 142-3.4. *See Torrico v. IBM*, 213 F.Supp 2d 390 (S.D.N.Y. 2002).

Under the FLSA, employees can gain coverage under two separate theories. First, all employees are covered under the FLSA if their employer qualifies as an "enterprise." 29 U.S.C. § 207(a)(1). Second, individuals who are not employed by a covered enterprise are nevertheless covered under the FLSA if they are individually engaged in interstate commerce. *Id.* As explained below, Plaintiff qualifies for coverage under both of these theories.

---

[1] The right to overtime under the New York Labor Law is not contained in the statute itself but is a wage order promulgated by the New York Commissioner of Labor pursuant to its authority under N.Y. LAB. L. § 655. *See* 12 N.Y.C.R.R. § 142-3.2.

Defendant's motion to dismiss rests primarily upon the contention that Plaintiff has not sufficiently pled that:

(i) Defendant is a business enterprise for purposes of the FLSA based on its status as a not-for-profit religious organization, and,

(ii) Plaintiff is individually covered under the FLSA.

In addition, Defendant erroneously contends that the New York Labor Law and Wage Order claims should be dismissed for the same reasons as the FLSA claims. Lastly, Defendant argues that any claims under the FLSA that occurred over two years prior to the filing of the Complaint are time-barred. Defendant's motion, however, ignores the facts pled in the Complaint, ignores or misconstrues the law governing Plaintiff's claims, the requisite pleading standard, and the applicable limitations period under the Act. Worse still, Defendant's counsel has attempted to bolster its arguments in this specious motion to dismiss with numerous cases that are wholly inapposite, if not irrelevant, and were not decided on a motion to dismiss under the FLSA.

## II.

## FACTUAL ALLEGATIONS[2]

First Hungarian operates a Jewish synagogue known as the First Hungarian Congregation, which offers assembly for worship, education, and communal affairs. Compl. ¶ 8. The Congregation is made up of two separate buildings: one building houses a synagogue and the other building is rented to a daycare center. The latter is utilized by third parties who rent the facility from the Defendant to host events and parties. *Id.* Significantly, First Hungarian engages in competition with other commercial enterprises because it offers its services and facilities to host private social gatherings (e.g., birthday's, anniversaries, bar mitzvah's),

---

[2] The factual allegations are set forth in Plaintiff' Complaint ("Compl."), a true and correct copy of which is attached as Exhibit A to the accompanying Declaration of Michael A. Faillace, Esq., dated September 28, 2007.

community and youth events, conferences, and a daycare center in direct competition with other private entrepreneurs offering same and/or comparable services. *Id.* at ¶ 13. As an employee of First Hungarian, Plaintiff's duties involved a variety of responsibilities, which include but are not limited to, cleaning, painting, plumbing, maintaining and repairing the facilities, and setting up (and "breaking down") tables and chairs for meetings and events. *Id.* at ¶ 7. In addition, Plaintiff also worked as a waiter at parties or events hosted on the Defendant's property. *Id.* Plaintiff worked over 40 hours weekly for several years within the applicable statutes of limitations, but Defendant willfully failed to pay Plaintiff overtime and other wages due in violation of the FLSA and the New York Labor Law. Compl. ¶ 19, 24.

## III.

## ARGUMENT

A.  **APPLICABLE LEGAL STANDARD**

On a motion to dismiss under FRCP 12(b)(6), the court must accept as true the factual allegations in the Complaint, and draw all reasonable inferences in favor of the plaintiff. *See Bolt Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted). Further, FRCP 8(a)(2) provides that a complaint need include "only a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002) (citation and internal quotation marks omitted). FRCP 8(e)(1) provides in relevant part that "(e)ach averment of a pleading *shall be* simple, concise, and direct." (Emphasis added). Furthermore, FRCP 8(f) states that "(a)ll pleadings *shall be* so construed as to do substantial justice." (Emphasis added).

This simplified notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."

3

*Id.* (citations omitted). At the pleading stage of a lawsuit, a plaintiff need not establish that he will likely prevail, but merely that he is entitled to present evidence in support of his claim. *Id.* Given this liberal notice pleading standard, the Supreme Court has cautioned that "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 513-14, 122 S. Ct. at 998.

The complaint in this case provides "short and plain" statements that support Plaintiff's claims under the FLSA, New York Labor Law and Wage Order. Compl. ¶ 5 – 13. It sets out the jurisdictional basis for claiming that the Defendant is covered by those statutes and the wage order. *Id.* However, Defendant's counsel – in a dubious attempt to overcome the necessary showing to present a palatable 12(b)(6) motion – grossly oversimplifies the factual allegations in Plaintiff's complaint by reducing them to a three sentence summary. Defendant's Memorandum of Law in Support of Its Motion to Dismiss ("Def. Br.") at 3. This insults the Court, and further underscores the frivolous nature of Defendant's motion.

Moreover, in defining the legal standard in its moving brief, Defendant misleadingly cites two cases that do not apply to this Complaint. Def. Br. at 4. Both *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65 (2d Cir. 1996) and *Lesavoy v. Lane*, 304 F. Supp. 2d 520 (S.D.N.Y. 2004) involved allegations of fraud, which, under FRCP 9, must be pled with greater particularity. In contrast, claims under FRCP 8, like Plaintiff's, need only satisfy a minimal notice standard[3].

---

[3] This attempt to mislead this Court, along with the fact that many of the averments in Defendant's motion papers are utterly lacking in support leads Plaintiff's counsel to respectfully request that the Court allow Plaintiff to make a motion for sanctions pursuant to FRCP 11. Plaintiff is of the belief that no objectionally reasonable attorney could, on the basis of the garden variety FLSA complaint annexed to the Declaration of Michael A. Faillace, make the instant 12(b)(6) motion. This is especially true given the clear lack of reference of the cases cited by Defendant's counsel to the case herein. This has needlessly caused a modestly paid worker to expend resources in defense of his facially valid complaint for minimum wages, overtime, and other wages owed to him by Defendants.

4

B.  **THE FACTS PLED IN THE COMPLAINT SUPPORT PLAINTIFF'S CONTENTION THAT FIRST HUNGARIAN IS SUBJECT TO THE FLSA**

1.  **As Pled in the Complaint, First Hungarian Constitutes a Business Enterprise.**[4]

    a.  **First Hungarian Engages in Ordinary Commercial Activities.**

Notwithstanding liberal use of hyperbole in describing Plaintiff's Complaint in its motion to dismiss, to his credit Defendant's counsel acknowledges that a not-for-profit religious organization like First Hungarian is a business enterprise for the purposes of the FLSA where it "engage[s] in ordinary commercial activities." *Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 297, 105 S. Ct. 1953, 1959 (1985) (case involving decision on an evidentiary hearing). In an ineffective attempt to circumvent the Supreme Court's ruling in *Alamo Foundation*, however, Defendant attempts to rewrite the law and narrow the coverage of the FLSA and ignores factual allegations pled in the Complaint.

In its interpretation of *Alamo Foundation,* Defendant claims that in order for a religious organization to be covered by the FLSA its commercial activities must be "numerous." Def. Br. at 8. This is simply false, and a rank misstatement of the holding and dicta of that case. As the Supreme Court stated in *Alamo Foundation,* "[t]he Court has consistently construed the [FLSA] 'liberally to apply to the furthest reaches consistent with congressional direction'" 471 U.S. at 296, 105 S. Ct. at 1959 (citation omitted). Further, the FLSA does not contain any "express or implied exception for commercial activities conducted by religious or other non-profit organizations." *Id.* In addition, when Congress amended the FLSA in 1961[5], "there was . . . broad congressional consensus that ordinary commercial businesses should not be exempted

---

[4] First Hungarian has not challenged, and therefore has waived, any claim that the Defendants do not meet the minimum revenue aspect of the Act's definition of enterprise (*i.e.* that it must meet the $500,000 in annual revenues).

[5] It is curious, and cannot go without bringing to the attention of the Court, that the Defendant's counsel repeatedly cited cases (5) which antedate the 1961 amendments. Def. Br. at 8-11; 13.

from the [FLSA] simply because they happened to be owned by religious or other non-profit organizations." *Id.* at 298, 105 S. Ct. at 1960.

In this case, Plaintiff has alleged that First Hungarian engages in competition with other commercial enterprises because it offers its services and facilities to host private social gatherings (e.g., birthday's, anniversaries, bar mitzvah's), community and youth events, conferences, and a daycare center in direct competition with other private entrepreneurs offering same and/or comparable services. Compl. ¶ 13.

This is sufficient activity by First Hungarian to bring it within the purview of the "business enterprise" coverage of the FLSA, and goes beyond the allegations necessary at the pleading stage to survive a motion to dismiss under FRCP 12(b)(6). In *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007), the Court denied the defendant's motion to dismiss an FLSA action holding that the allegation in the plaintiff's complaint that "[a]t all times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s)," was sufficient for the notice pleading standard. *See also Ahmed v. Samson Mgmt. Corp.*, 1996 WL 183011, at *3 (S.D.N.Y. Apr. 17, 1996) ("In order to confer subject matter jurisdiction under the FLSA, it is sufficient to allege that the defendant is involved in a business in interstate commerce.").

Moreover, in its moving brief, Defendant offers that "<u>it could be disputed</u> that the Defendant does not primarily engage in commercial activities." Def. Br. at 8 (emphasis added). Such a factual inquiry is best left for discovery and, perhaps, eventually for a fact finder, and should not be decided on a motion to dismiss.

### b. Two or More First Hungarian Employees, Including Plaintiff, Are Subject to Individual Coverage Under the FLSA

Defendant fails to acknowledge that it also gains enterprise coverage because two or more of its employees are engaged in commerce and each satisfy the individual coverage requirement of the FLSA. Under the 1961 amendments to the FLSA, an enterprise satisfies the interstate commerce requirement if two or more employees handle, sell, or otherwise work on "goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(i). Once an employer is covered, all of its employees receive the benefits of the act, not just those employees who were themselves engaged in commerce or the production of goods for commerce. *See Maryland v. Wirtz*, 392 U.S. 183, 188-193, 88 S. Ct. 2017, 2019-22 (1968) (approving constitutionality of amendments).

Nonetheless, Plaintiff has met the requisite pleading standard for enterprise coverage under the FLSA. *See Zhong*, 498 F. Supp. 2d at 629; *Ahmed*, 1996 WL 183011, at *3. Even if this case were not at the pleading stage, the complaint as written alleges sufficient facts – if proven to be subject to dispute – that would survive a summary judgment motion. For example, the interstate commerce element for enterprise coverage was met where Defendant's employees, including housekeepers and food servers, handled cleaning supplies, towels, and food that were manufactured or produced outside the state. *Brennan v. Iowa*, 494 F.2d 100, 104 (8th Cir. 1974).

### 2. As Pled in the Complaint, Plaintiff is Subject to Individual Coverage Under the FLSA

Whether an employee is "engaged in commerce" is not dependent on a fixed percentage, volume, or amount of activity. *Mabee v. White Plains Publ'g Co.*, 327 U.S. 178, 181-82, 66 S. Ct. 511, 512 (1946); *Wirtz v. Durham Sandwich Co.*, 367 F.2d 810, 812 (4th Cir. 1996) (employees may be covered even if they devote only a small percentage of time to interstate activities); *Figueroa v. America's Custom Broker's Inc.*, 48 F. Supp. 2d 1372, 1375 (S.D. Fla.

1999) ("Generally speaking, any regular contact with commerce, even if it is small, will result in an employee being covered by the FLSA."). For example, an individual who regularly orders cleaning supplies and equipment from out-of-state vendors engages in interstate commerce and thus qualifies for protection under the FLSA. *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000).

Defendant's reliance on *Divins v. Hazeltine Elecs.*, 163 F.2d 100 (2d Cir. 1947) and *Remmers v. Egor*, 332 F.2d 103 (2d Cir. 1964) for its proposition that a substantial portion of an employee's work must be related to interstate commerce is unavailing for at least three reasons. First, both of those cases were not decided on a motion to dismiss. Second, the Court in *Divins* reversed the lower Court's granting of the defendant's motion for summary judgment, holding that the amount of the employee's work activities related to commerce was a question of fact to "be proved upon the trial." 163 F.3d at 103. Third, in *Remmers*, the Court affirmed the trial court's decision in a *bench trial* that the employee was not covered by the FLSA because the only contact he had with interstate commerce was wrapping a single package for interstate mailing and personally delivering manufactured good across state lines on one occasion. Rather than support Defendant's arguments, these cases would seem to show that a typical complaint alleging violations of the Act is not usually something which can be disposed of on a FRCP 12(b)(6) motion.

Lastly, Defendant's citation to the case of *Joles v. Johnson County Youth Service Bureau, Inc.*, 885 F. Supp. 1169 (S.D. Ind. 1995) – decided in a District outside of the Second Circuit – is not relevant to Defendant's motion. As with most of the cases Defendant relies upon, that case did not involve a motion to dismiss. Rather, it was decided after a *bench trial* before a Magistrate Judge and after the plaintiff had an opportunity to present facts in support of her case.

As noted above, at the complaint stage of a lawsuit, a plaintiff need not establish that he will likely prevail, but merely that he is entitled to present evidence in support of his claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002).

**C. DEFENDANT MISSTATES THE LEGAL STANDARD FOR PLAINTIFF'S CLAIMS UNDER THE NEW YORK LABOR LAW AND WAGE ORDER**

Whether an employer is covered under the New York Labor Law and Wage Order, on one hand, and the FLSA, on the other hand, is -- quite contrary to Defendant's counsel's assertions at pages 1 and 14 – 15 -- subject to differing statutory definitions. The New York Labor Law does not consider whether an employer or employee is engaged in interstate commerce (as it should not, since it is a state law).[6] Rather, it defines an employer as "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer." N.Y. LAB. L. § 651(6).

Employees that are covered by the New York Labor Law and Wage Order include "any individual employed or permitted to work by an employer in any occupation." *Id.* § 651(5). As applied to a religious organization, the only types of employees exempted from the New York Labor Law and Wage Order are individuals employed "as a volunteer, learner or apprentice," "as a member of a religious order, or as a duly ordained, commissioned or licensed minister, priest or rabbi, or as a sexton, or as a christian science reader;" an individual whose work "is incidental to or in return for charitable aid conferred upon such individual;" a "student" or an individual whose "earning capacity . . . is impaired by age or by physical or mental deficiency or injury." None of those situations are applicable here. *Id.* § 651(5)(f)-(j).

In a disingenuous attempt to claim that the same legal standards apply to the FLSA, New York Labor Law and Wage Order for purposes of the instant motion, Defendant relies on cases

---

[6] The Wage Order relies on the New York Labor Law's statutory definition of an "employer" and "employee."

9

that concern issues that are not in contention in this matter: *Ansoumana v. Gristede's Operating Co.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003) (determining employee/joint-employment status); *Lopez v. Silverman*, 14 F. Supp. 2d 405, 411 (S.D.N.Y. 1998) (same); and *Ballard v. Community Home Care Referral Serv.,* 264 A.D.2d 747, 695 N.Y.S.2d 130 (2d Dep't 1999) (applying FLSA's "companionship services" exemption to New York Labor Law).

Again, Plaintiff brings this to the Court's attention in opposing the Defendant's motion to dismiss, and in the hopes of being granted the privilege of making an application for sanctions against Defendant's counsel.

### D. DEFENDANT'S ARGUMENT THAT PLAINTIFF IS BARRED FROM ASSERTING FLSA CLAIMS PRIOR TO MAY 3, 2005 IS FATALLY FLAWED

Plaintiff does not dispute that the statute of limitations for claims under the New York Labor Law and Wage Order are subject to a six-year statute of limitations, which covers Plaintiff's employment from May 3, 2001 through his termination in March 2007. Under the FLSA the statute of limitations is two-years or three years if the defendant acted willfully in violating the act. 29 U.S.C. § 255(a). However, Defendant's request that the Court limit Plaintiff's FLSA claims to the two-year statute of limitations borders on frivolity. Defendant's willfulness – which would extend the limitations period to three years – is a matter that cannot be decided on a motion to dismiss because it is a factual determination. *See Moran v. GTL Const., LLC*, 2007 WL 2142343, at *4 (S.D.N.Y. July 24, 2007) (denying motion to dismiss prior to the two-year statute of limitations and holding "Plaintiff has alleged that Defendant's actions were willful and intentional [and] Plaintiff's general assertion satisfies the requirements of pleading a willful violation of the FLSA."); *see also Lavian v. Haghnazari,* 884 F. Supp. 670, 677, 680 (E.D.N.Y. 1995) (holding that plaintiff adequately alleged willfulness for purposes of motion to dismiss by pleading that he worked for defendant and was not properly paid for that work).

## IV.

## CONCLUSION

Plaintiff has pled his causes of action with sufficient particularity and has alleged facts to survive Defendant's premature and perfunctory motion to dismiss. Accordingly, for the reasons set forth above it is respectfully submitted that the Court must deny Defendant's motion to dismiss.[7]

Dated: New York, New York
September 28, 2007

Respectfully submitted,

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:   (212) 317-1200
Facsimile:   (212) 317-1620

*Attorneys for Plaintiff*

Of Counsel:
Andrew S. Baron [AB-3316]

---

[7] If the Court grants Defendant's motion to dismiss in whole or in part – which it should not – it is respectfully submitted that the Court allow Plaintiff to replead his claims. A Court should "freely" grant leave to amend a complaint under FRCP 15(a). *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Leave to amend is appropriate here because: (i) there will be no undue delay given the nascent stages of this case; (ii) it will not prejudice the defendant; (iii) it is not requested in bad faith; and (iv) it would not be futile. *Id.* at 182; *see also Brennan v. City of White Plains*, 1998 WL 75692, at *10 (S.D.N.Y. Feb. 20, 1998); *Sterling v. Interlake Indus.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994).