```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CLAUDIO LAVEZZARE,
                                            07 CV 3542 (LAK)
                   Plaintiff,
                                            ECF Case
       -against-

FIRST HUNGARIAN CONGREGATION
OHAB ZEDEK,

                   Defendant.
------------------------------------X
```

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF ITS MOTION TO DISMISS**

On the Brief
H.P.Sean Dweck

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................. i

TABLE OF AUTHORITIES ......................................................... ii

DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS ............................................................ 1

PRELIMINARY STATEMENT ........................................................ 1

ARGUMENT ..................................................................... 3

   A.   Pleading Standards ..................................................... 3

   B.   Enterprise Coverage .................................................... 4

   C.   Individual Coverage .................................................... 6

   D.   Defendant's Motion to Dismiss Plaintiff's State Law Claims ............. 8

   E.   Defendant's Statute of Limitations Argument ............................ 8

CONCLUSION ................................................................... 9

**TABLE OF AUTHORITIES**

Cases

Divins v. Hazeltine Electronics Corporation, 163 F.2d 100 (2nd Cir. 1947) ................................................. 6

Emmanuele v. Rochester Packaging Co., 182 Misc. 348, 45 N.Y.S.2d 164 (Sup. Ct. Monroe County 1943)(Citations omitted) ......... 3

Figueroa v. America's Custom Brokers, Inc., 48 F.Supp. 2d 1372 (S.D.Fla. 1999) ............................................ 6

Joles v. Johnson County Youth Service Bureau, Inc., 885 F.Supp. 1169 (S.D.Ind. 1995) ....................................... 7

Marshall v. Victoria Transp. Co., Inc., 603 F.2d 1121, 1123 (5th Cir. 1979) ................................................. 6

Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290 (1985) .................................................. 4

Torrico v. IBM, 213 F.Supp. 2d 390 (S.D.N.Y. 2002) ............. 3

Zhong v. August August Corp., 498 F.Supp. 2d 625 (S.D.N.Y. 2007) ............................................................. 5

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
CLAUDIO LAVEZZARE,
                                            07 CV 3542 (LAK)
                    Plaintiff,
                                            ECF Case
        -against-

FIRST HUNGARIAN CONGREGATION
OHAB ZEDEK,

                    Defendant.
---------------------------------------X
```

### DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant, First Hungarian Congregation Ohab Zedek (hereinafter "Defendant") respectfully submits this Memorandum of Law in Further Support of Its Motion to Dismiss the Complaint.

The Plaintiff's opposition to the instant Motion recites certain propositions of law that Defendant does not dispute. What Defendant does dispute is how those propositions of law apply to the instant case. Interestingly, while Plaintiff attempts to distinguish the cases cited by Defendant in its

1

initial brief, Plaintiff has barely cited any cases supporting its position against dismissal of the Complaint.

This Reply Memorandum of Law will address the arguments set forth by the Plaintiff in the same order in which they appear.

**ARGUMENT**

A. **Pleading Standards**

Plaintiff's brief correctly cites the applicable legal standards with respect to a motion to dismiss and notice pleadings. However, regardless of the correct recitation of law, the Complaint still fails to meet the minimum pleading standards required by law. As was set forth in the initial brief on Defendant's behalf, the pleading of the bare language of the statute is defective and is subject to dismissal. Emmanuele v. Rochester Packaging Co., 182 Misc. 348, 45 N.Y.S.2d 164 (Sup. Ct. Monroe County 1943)(Citations omitted).

To support his proposition regarding the pleading standards Plaintiff relies, albeit incorrectly, on the case of Torrico v. IBM, 213 F.Supp. 2d 390 (S.D.N.Y. 2002). That case is wholly inapposite to the facts herein. While the Court in Torrico recognized an extremely liberal and flexible pleading standard with respect to a complaint, that action involved a *pro se* litigant. Specifically, the Torrico Court held that, "Since a *pro se* Plaintiff lacks familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." Id at page 396. Plaintiff's counsel has completely failed to bring to this Court's attention that the pleading

3

standards applied in the Torrico case were with respect to a *pro se* litigant. That certainly does not apply in the instant Action inasmuch as the Plaintiff herein is represented by counsel. Whether Plaintiff's counsel's failure to bring this to the Court's attention was willful or not is not for Defendant to comment on, other than to bring it to the Court's attention.[1]

### B. Enterprise Coverage

Plaintiff attempts to counter Defendant's arguments regarding enterprise coverage by attempting to distinguish the reasoning applied by Plaintiff relating to the case of Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290 (1985). However, regardless of Plaintiff's attempt to distinguish the case, Plaintiff cannot escape the fact that the Supreme Court has held that the test is one of economic reality, with the focus being whether or not the enterprise is primarily engaged in competition with ordinary commercial enterprises.

Further, if Plaintiff was so sure that Defendant was engaged in a commercial enterprise, he surely could have

---

[1] Plaintiff's counsel's footnote requesting permission to make a motion for sanctions is frivolous in and of itself. First, the case law cited within Defendant's initial brief clearly supports Defendant's legal arguments and are in no way frivolous. Further, Plaintiff was served with this Motion on July 6, 2007. Plaintiff requested numerous adjournments of the Motion and did not provide its response until September 28, 2007. This was more than sufficient time for Plaintiff to review the Motion and send a 21 day letter to Defendants had they believed that the Motion was frivolous. Plaintiff's failure to do so speaks volumes. Inasmuch as Defendant would rather focus its efforts on the merits of the Motion, no further attention will be addressed to the inappropriate threats for sanctions by Plaintiff's counsel.

submitted an affidavit asserting factual allegations sufficient to attempt to demonstrate that Defendant was an enterprise primarily engaged in competition with ordinary commercial enterprises, as required by the caselaw. Plaintiff's failure to submit such an affidavit speaks volumes as to that issue. In fact, Plaintiff was invited, within Defendant's Memorandum of Law, to submit sufficient factual information relative to this issue. Obviously, he chose not to. Bare conclusory allegations are insufficient to sustain the pleading. While it is acknowledged that a notice pleading is to be construed liberally, bare conclusory allegations, which merely plead the bare language of the statute without the capability of being proved true, are insufficient and subject to dismissal. Emmanuele, *supra.*

Interestingly, Plaintiff fails to address the other prevailing caselaw set forth within the brief submitted by Defendant on the initial Motion, other than to attack them based upon them having been decided prior to the amendment to the FLSA. However, the amendment to the FLSA does not change the holdings in the case, nor does it render them "bad law."

Further, Plaintiff's reliance on Zhong v. August August Corp., 498 F.Supp. 2d 625 (S.D.N.Y. 2007) is inapplicable to the facts of this case. In fact, one of the holdings in that case set forth the basic premise that conclusions of law, or

5

unwarranted deductions of fact, need not be accepted as true within a Complaint. Zhong, *supra*. at page 628.

### C. Individual Coverage

Plaintiff's attack on Defendant's arguments regarding individual coverage must bear the same fate as well. Defendant's initial brief adequately demonstrates that Plaintiff is not entitled to individual coverage under the FLSA.

As set forth in Defendant's initial brief, individual coverage under the FLSA is dependant upon the extent to which an employee is engaged in commerce, and whether "the employee's work is so closely related to the movement of commerce that it may be deemed...part of it rather than merely an isolated local activity." Figueroa v. America's Custom Brokers, Inc., 48 F.Supp. 2d 1372 (S.D.Fla. 1999), citing Marshall v. Victoria Transp. Co., Inc., 603 F.2d 1121, 1123 (5th Cir. 1979).

Plaintiff's attempt to distinguish the case of Divins v. Hazeltine Electronics Corporation, 163 F.2d 100 (2nd Cir. 1947) is completely unavailing. While it is conceded that Divins was decided on summary judgment, the Plaintiff has failed to advise this Court that it was a summary judgment motion made pursuant to FRCP 56(b) prior to an answer being served. Thus, while it was a summary judgment motion, it was merely on affidavits, and, presumably, without any discovery having been conducted. Thus,

6

Plaintiff's statement that it was decided "on summary judgment" as opposed to a "motion to dismiss" is misleading. Plaintiff further attempts to distinguish Divins by quoting that the question of the employee's work activities related to commerce was one "to be proved at trial", however, that was after a motion, with affidavits, having been submitted. Here, the Plaintiff, clearly, is not precluded from submitting any affidavits with respect to the amount of activities he allegedly engaged in that are purportedly related to commerce. The failure of the Plaintiff to avail himself of this opportunity speaks volumes.

Plainly and simply, the Plaintiff cannot escape the fact that 29 USCA 203(b) defines commerce as "trade, commerce, transportation, transmission, or communication among the several states or from any state to any place outside thereof." Nowhere does the work of the Plaintiff support, as alleged in the Complaint, or in Plaintiff's brief, the proposition that Plaintiff's work involved "commerce" within the meaning of the statute.

Therefore, it also follows that Plaintiff's attempt to distinguish Joles v. Johnson County Youth Service Bureau, Inc., 885 F.Supp. 1169 (S.D.Ind. 1995) is equally unavailing. The fact that that matter was decided on a bench trial is of no import

7

inasmuch as Plaintiff cannot demonstrate that he was involved in commerce within the meaning of the statute.

### D. **Defendant's Motion to Dismiss Plaintiff's State Law Claims**

Defendant withdraws the portion of its Motion that seeks dismissal of the state law claims, as argued in its initial brief. Defendant does request, however, that, if this Court dismisses the claims under the FLSA that this Court choose <u>not</u> to exercise supplemental jurisdiction and dismiss the state law claims without prejudice.

### E. **Defendant's Statute of Limitations Argument**

Defendant's Motion as it pertains to timeliness only seeks to prevent Plaintiff from pursuing any claims beyond the statutory time limits set forth within the respective statutes (FLSA and State Law). As for the issue of the two-year statute of limitations on the FLSA claim or the three-year statute, if willfulness is found, Defendant is agreeable to have that issue addressed after discovery or at a time determined by the Court.

This Court should be aware that this portion of Defendant's Motion was made inasmuch as Plaintiff's Complaint makes references to hours worked that date back to 1999 (see Complaint paragraph 9) which under any set of facts is outside of any of the applicable statues of limitation.

## CONCLUSION

**BASED UPON THE OUTSTANDING LEGAL PRECEDENTS, THE DEFENDANT'S MOTION SHOULD BE GRANTED TOGETHER WITH SUCH OTHER AND FURTHER RELIEF AS TO THIS COURT MAY SEEM JUST AND PROPER.**

Respectfully submitted,

The Dweck Law Firm
Attorneys for Defendant

By: _____
H.P. Sean Dweck

S:\Secretary 2\Client Docs\First Hungarian Congregation\reply memo of law 10-22-2007.doc

9