THE DWECK LAW FIRM, LLP
H.P. Sean Dweck (HPSD-4187)
75 Rockefeller Plaza, 16th Floor
New York, New York 10019
(212) 687-8200
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CLAUDIO LAVEZZARE,

         Plaintiff,

    - against -

FIRST HUNGARIAN CONGREGATION
OHAB ZEDEK,

         Defendant.
------------------------------------X

07 CV 3542 (LAK)(AJP)

**ANSWER**

(ECF Case)

    Defendant, First Hungarian Congregation Ohab Zedek (hereinafter "First Hungarian" or "Defendant"), by its attorneys, The Dweck Law Firm, LLP, do hereby answer the Complaint in the above captioned matter as follows:

    1.  Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that an individual representing himself to be Claudio Levezzare, whose identity is now in question, was employed by Defendant.

    2.  As to Paragraph 2 of the Complaint, Defendant admits that Plaintiff brings this action under the statutes cited therein, and Defendant denies that any violation occurred.

    3.  Defendant avers that the allegations contained in Paragraph 3 of the Complaint called for legal conclusions to which no response is necessary, except to admit that Plaintiff purports to invoke the jurisdiction of this Court, pursuant to 29

U.S.C. Subsection 216(b) and 28 U.S.C. Subsection 1331, and that Plaintiff claims that this Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. Subsection 1367(a).

4. Defendant avers that the allegations contained in Paragraph 4 of the Complaint call for legal conclusions for which no response is necessary, except to admit that Plaintiff purports to lay venue in this Court.

5. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant denies knowledge or information as to the statements contained within Paragraph 7 of the Complaint, except admits that an individual representing himself to be Claudio Levezzare, whose identity is now in question, was employed by First Hungarian since approximately 1999 and had a variety of responsibilities therein. Defendant denies knowledge or information sufficient to form a belief as to the remaining portions of Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant repeats and realleges each and every admission and/or denial as to Paragraphs 1 through 13 of the Complaint as stated in Paragraph 14 of the Complaint as if more fully set forth at length herein.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint, except as to the second sentence therein, which is a legal conclusion to which no response is necessary.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant repeats and realleges each and every admission and/or denial as to Paragraphs 1-20 of the Complaint as stated in Paragraph 21 as if more fully set forth at length herein.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint except as to the second sentence therein, which is a legal conclusion to which no response is necessary.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant repeats and realleges each and every admission and/or denial as to Paragraphs 1 through 26 of the Complaint as stated in Paragraph 27 of the Complaint as if more fully set forth at length herein.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. Even if Plaintiff is entitled to additional compensation under the FLSA, any violation was not willful and therefore Plaintiff is not entitled to liquidated damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, or recovery reduced, by the doctrine of laches due to Plaintiff's unreasonable and inexcusable delay in commencing this action to the detriment of Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff has failed, neglected and/or refused to mitigate his alleged damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, or recovery reduced, by the doctrine of estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred, or recovery reduced, by the doctrine of unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38. Defendant alleges that it is excused from any and all liability under the facts alleged in the Complaint because, at all times, Defendant acted in good faith, conducted all material transactions in good faith, and had reasonable grounds for believing that its conduct was in good faith.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

39. Defendant alleges that Plaintiff's claims are barred, or recovery reduced, by the doctrine of waiver.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

40. Plaintiff has an adequate remedy at law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff has failed to join a necessary party.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

42. Any damages allegedly sustained by the Plaintiff were caused in whole, or in part, as a result of the actions of third parties.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

43. This Court lacks jurisdiction over the claims set forth in the Complaint inasmuch as Defendant is not covered under the applicable provisions of the Fair Labor Standards Act.

**RESERVATION OF RIGHTS**

44. Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

**WHEREFORE**, Defendant demands judgment as follows:

a. dismissing Plaintiff's Complaint in its entirety;

b. granting Defendant its costs, disbursements, and attorney's fees incurred in this action;

c. granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 8, 2007

THE DWECK LAW FIRM, LLP
Attorneys for Defendant

By: _____
    H.P. Sean Dweck (HPSD-4187)
    75 Rockefeller Plaza, 16th Floor
    New York, New York 10019
    (212) 687-8200

TO: MICHAEL FAILLACE & ASSOCIATES, PC
    Attorneys for Plaintiff
    110 East 59th Street, 32nd Floor
    New York, New York 10022
    (212) 317-1200

S:\Secretary 2\Client Docs\First Hungarian Congregation\Answer to Complaint 11-06-07.wpd

**CERTIFICATION OF SERVICE**

I hereby certify that on November 8, 2007, the foregoing Answer and Affirmative Defenses were served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District Local Rules on electronic service upon the following parties and participants:

>MICHAEL FAILLACE & ASSOCIATES, PC
>Attorneys for Plaintiff
>110 East 59th Street, 32nd Floor
>New York, New York 10022

H.P. SEAN DWECK (HPSD-4187)
THE DWECK LAW FIRM, LLP
Attorneys for Defendant
75 Rockefeller Plaza, 16th Fl.
New York, New York 10019
(212) 687-8200